The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Ryan Joseph Wood has committed professional misconduct warranting public discipline-namely, in one matter, failing to draft a qualified domestic relations order, as he agreed to do and as ordered by the court, and failing to take steps to remove an ex-spouse's name from a client's real property; in a second matter, failing to diligently pursue the matter and to communicate with the client; and failing to cooperate with the Director's investigation into these matters. See Minn. R. Prof. Conduct 1.3, 1.4(a)(2)-(4), 3.2, 3.4(c), 8.1(b), and 8.4(d), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).
*422 Respondent and the Director have entered into a stipulation for discipline. In it, respondent waives his procedural rights under Rule 14, RLPR, and unconditionally admits the allegations of the petition, as corrected in the stipulation for discipline. The parties jointly recommend that the appropriate discipline is a public reprimand followed by 2 years of supervised probation.
This court has independently reviewed the file and approves the jointly recommended disposition.
Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED THAT:
1. Respondent Ryan Joseph Wood is publicly reprimanded.
2. Respondent shall pay $900 in costs pursuant to Rule 24(a), RLPR.
3. Respondent is placed on probation for 2 years, subject to the following terms and conditions:
a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide to the Director a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.
b. Respondent shall abide by the Minnesota Rules of Professional Conduct.
c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within 2 weeks from the date of this order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files, as described in paragraph d. below. Respondent shall make active client files available to the Director upon request.
d. Respondent shall cooperate fully with the supervisor in his or her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.
e. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file *423 and completes legal matters on a timely basis.
f. Respondent shall initiate or continue current treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director, and shall complete all therapy programs recommended by the therapist.
BY THE COURT:
/s/ David L. Lillehaug
David L. Lillehaug
Associate Justice